JULIA FULLER, Respondent, *v.* JAMESTOWN STREET RAILWAY COM- | 75 273|
PANY, Appellant.                                                | 148a 741|

*Exceptions not available to the appellant — evidence in an action for a personal injury — res gestæ — withdrawal of a letter — refusal to find an abstract proposition.*

Upon an appeal exceptions taken by the appellant, to evidence received in a branch of the case upon which the decision was in its favor, will not be considered.

In an action brought to recover the damages resulting from personal injuries sustained by reason of the alleged negligence of a street railway company, the plaintiff was permitted to testify in regard to the act of the driver in suddenly starting the car when she was attempting to alight from it, her alleged injury having been sustained when she entered the car. An exception was taken to the admission of this testimony, which was offered specially for the purpose of establishing "the incompetency of" the driver.

*Held,* that as it was claimed that the injury resulted from the negligent manner in which the driver operated the car, and that he was an incompetent person, evidence of his acts and conduct on the occasion of the plaintiff leaving it, was admissible as bearing upon his competency.

The actions, and to some extent the declarations, of a person immediately after an injury are competent evidence as part of the *res gestæ,* and if a person who claims to have received an injury makes no complaint in reference thereto, that fact becomes pertinent upon the question of fact; and, where that evidence is resorted to for the purpose of showing that the accident did not occur, evidence that a complaint was made becomes pertinent in rebuttal.

In examining a witness upon the trial of an action, the fact that the plaintiff had written him a letter was drawn out by the defendant's counsel. Thereupon the plaintiff was allowed to read the letter in evidence, to which exception was taken. After reflection, by permission of the referee before whom the action was being tried, the plaintiff's attorney withdrew such letter from the evidence.

*Held,* that this was permissible.

The defendant requested the referee to find that a street railway company was not bound to exercise more than ordinary care and diligence, such care and diligence as a man of ordinary prudence and capacity might be expected to exercise under the same circumstances. This request was refused.

*Held,* that even if the rule was as stated, if the facts found by the referee supported his conclusion, such a request to find being in regard to an abstract proposition of law which the referee could not be compelled to rule upon, his refusal to so find would not justify a reversal of the judgment.

APPEAL by the defendant, Jamestown Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Chautauqua **on** the 16th day of February, 1893, upon the report of a referee.

*C. R. Lockwood*, for the appellant.

*A. C. Pickard*, for the respondent.

HAIGHT, J. :

This action was brought to recover damages for a personal injury. The plaintiff claims that about five o'clock in the afternoon of the 12th day of January, 1890, she undertook to board one of the defendant's cars in Windsor street, in the city of Jamestown, opposite the house of Mrs. Geer ; that her little girl accompanied her ; that she had an umbrella in her left hand, with which she signalled to the driver of the car to stop ; that he stopped the car, and she thereupon lifted the little girl upon the platform, and then took hold of the grab handle upon the corner of the car with her left hand, in which was the umbrella, and of the grab handle upon the dash with her right hand, and placed her right foot upon the step, and was in the act of raising her body up when the car suddenly started with a jerk, breaking her left hand loose from the grab handle and causing her body to swing around back of the dash, striking her shoulder against some obstacle and causing the injury to recover for which this action was brought.    She states that she clung to the grab handle with her right hand, and that her right foot remained upon the step as she swung around.    It further appears from her testimony that the car stopped and she got aboard, and as she entered the car it again started suddenly, throwing her into the seat with some force ; that as she arrived at her place of destination the car was stopped and she started to get out, and as she placed one foot upon the step the car suddenly started, and she returned into the car, rang the bell and spoke to the driver, who then stopped again and she alighted. On arriving home she told Mrs. Southwick of the accident, and the next day called upon Dr. Peterson.    He examined her shoulder, found a red spot which was tender and prescribed for her from time to time thereafter.    In the course of two or three weeks an abscess formed, which he lanced two or three times, and at the time of the trial her shoulder had become deformed, being one and a half

or two inches higher than the other, and the movement of her right arm at the shoulder was impaired.

It is claimed on behalf of the defendant that no accident of the character described by the plaintiff occurred, and that the injuries she claimed to have suffered were feigned. But these questions, we think, were properly disposed of by the referee. At least the evidence is of such a character that under review we could not well say that the findings of the referee were against the evidence or the weight thereof. It is claimed that it was not possible for her to swing around against the rear of the car in the manner described, with her right foot remaining upon the step. It is not always possible for a person, when suddenly surprised by an accident, to describe accurately how it occurred, but we discover nothing in her detail of the circumstances which we regard as extraordinary or impossible. Her left hand had broken loose from the grab upon the corner of the car. She still clung to the grab upon the dash with her right hand. The motion of the car forward would naturally throw her body around in the rear. If her right foot, resting upon the step, turned with her body, the knee joint would bend around the end of the dash and allow her body to swing around against the brake. Experiments were made by several of the witnesses, some of whom were women, who have testified that it could be done in the manner described. It is also claimed that after the alleged injury she was seen by a number of witnesses using her injured arm as freely, in and about her work, as she did the other, from which it is urged that she was feigning. But the undisputable facts remain that a red spot was discovered by the physician upon the shoulder the next day, which was tender and sore, and that within the usual time thereafter an abscess developed, and that a deformity in the shoulder followed. It is also contended that prior to the injury in question she on one occasion fell from the step of her stoop and was injured, and that one Dr. Loop of North East reduced a partial dislocation of her shoulder; but on rebuttal it was shown that the treatment of Dr. Loop was after the accident in question, and was in reference to the injuries received on that occasion.

Numerous exceptions were taken upon the trial to the admission and exclusion of evidence, but there are few, however, which require consideration.

Many exceptions were taken to the admission of evidence bearing upon the question of damages to the plaintiff's separate business, but the referee found and held that the defendant was not indebted to the plaintiff for any injury received by her to her separate business, or for labor or services outside of her own family, and he confined her recovery to the damages she had sustained by reason of the injury to her person, her suffering and pain. Upon this branch of the case the finding was in favor of the defendant, and, therefore, its exceptions to the evidence are rendered unavailing.

As we have seen, the plaintiff was permitted to testify as to the conduct of the driver in suddenly starting the car while she was attempting to alight therefrom. An exception was taken to the admission of this evidence. It was offered, however, specially for the purpose of showing the manner in which the driver operated the car on that occasion; in other words, his conduct. It was upon the same trip on which she had received her injury. It was claimed that the injury resulted from the negligent manner in which the driver operated the car; that he was an incompetent person; and as bearing upon his competency, we think his acts and conduct on the occasion were permissible.

An exception was also taken to the testimony of the plaintiff to the effect that on arriving home she told Mrs. Southwick of the accident. The propriety of this evidence at the time it was taken was perhaps doubtful, but the theory of the defense was that the accident as described had not occurred, and upon the plaintiff's cross-examination she was asked if, after entering the car, she spoke with the driver about the accident, or as to whether she told the women that subsequently got into the car about it, or as to whether she spoke to any person in the car about it. The action, conduct and, to some extent, the declarations of a person immediately after an injury are competent as a part of the *res gestæ*. If the person who claims to have received an injury makes no complaint in reference thereto, that fact becomes pertinent upon the question of fact, and where that evidence is resorted to for the purpose of showing that the accident did not occur, evidence that a complaint was made becomes pertinent in rebuttal. We think, therefore, that, in view of the character of the cross-examination alluded to, error cannot be founded upon the exception.

The testimony of Dr. Peterson as given on a former trial was read under a stipulation, he having died previous to this trial. It is quite possible that, under the provisions of the Code, the same should have been taken subject to any legal objection to the questions put to the witness upon the former trial. We have, therefore, carefully examined the evidence given and the exceptions taken thereto, and whilst we do not wish to be understood as sustaining the reasons given by the referee for his rulings, we have failed to discover any evidence which was improperly received. The witness was a physician in charge of the patient. He was shown to be an expert, and as such it was competent for him to give his opinion in answer to the questions propounded.

In taking the testimony of Dr. Loop, the defendant's counsel drew out the fact that the plaintiff had written him a letter. Thereupon the plaintiff was allowed to read the letter in evidence. Exception was taken, however, and after reflection the plaintiff's attorney, with permission of the referee, withdrew it from the evidence. We think this was permissible.

The defendant requested the referee to find that the defendant was not bound to the exercise of greater than ordinary care and diligence, no greater care or diligence than a man of ordinary prudence and capacity might be expected to exercise under the same circumstances. This was refused. But we regard it as an abstract proposition of law, which the referee could not be compelled to rule upon. He found the facts in the case, and upon those facts his conclusions of law are based. We are satisfied that the facts as found support the referee's conclusions, even if the rule is as stated by the appellant in his request.

The judgment appealed from should be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed.